IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:09CV3093 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| U.S. BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed his Complaint in this matter on May 11, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

    Plaintiff filed his Complaint on May 11, 2009, against U.S. Bank and four individuals. (Filing No. 1 at CM/ECF p. 1.) When Plaintiff filed his Complaint he was confined in the Douglas County Department of Corrections in Omaha, Nebraska. (*Id*. at CM/ECF p. 8.) However, Plaintiff has since been released and is now residing in Omaha, Nebraska. (*See* Docket Sheet.)

    Condensed and summarized, Plaintiff alleges that he was illegally arrested, without probable cause, and booked on "trumped up charges of terroristic threats." (Filing No. 1 at CM/ECF pp. 1-2, 9.) Plaintiff also alleges that Douglas County has "no authority to hold [him] or any U.S. citizen [without] bond . . . ." (*Id*. at CM/ECF p. 6.) Plaintiff seeks monetary damages in the amount of "$1,000,000.00 for everyday [he] is held [without] bond . . . and whatever else [the] court deems just." (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourth and Fourteenth Amendments. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). However, this claim is barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), which provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate

opportunity to raise the federal questions presented. *See Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005); *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Plaintiff's Complaint clearly indicates that there is a pending state court criminal prosecution against him. Plaintiff has attached his "Record of Arrest," which shows that he is being charged with making terroristic threats. (Filing No. 1 at CM/ECF p. 7.) Plaintiff does not allege that these charges have been dropped. (*Id*.) In addition, Plaintiff has not alleged that the pending state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. Accordingly, this court will abstain from hearing Plaintiff's claims and dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

July 1, 2009.                          BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge